# UNITED STATES DISTRICT COURT
for the

Western District of North Carolina

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No: 3:22-cr-209-KDB-DCK-1 |
| Sean Patrick Morton | ) |
| | ) USM No: 17504-510 |
| Date of Original Judgment: 08/02/2023 | ) |
| Date of Previous Amended Judgment: | ) |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☐ DENIED. ☒ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of **151 months on Count 1 and 120 months on Count 6 to run concurrently** months **is reduced to** **135 months on Count 1 and 120 months on Count 6 to run concurrently**.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 08/02/2023 shall remain in effect.
**IT IS SO ORDERED**.

Signed: July 30, 2024

*Kenneth D. Bell*
United States District Judge

*Judge's signature*

Effective Date: _____     Kenneth D. Bell
*(if different from order date)*     *Printed name and title*

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: Sean Patrick Morton
CASE NUMBER: 3:22-cr-209-KDB-DCK-1
DISTRICT: Western District of North Carolina

### I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level: 31    Amended Total Offense Level: 31
Criminal History Category: IV    Criminal History Category: III
Previous Guideline Range: 151 to 188 months    Amended Guideline Range: 135 to 168 months

### II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☒ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

### III. FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

The Defendant had "status points" under U.S.S.G. §4A1.1 in Amendment 821. Defendant had 6 criminal history points before the addition of 2 status points. (Doc. No. 33, ¶¶ 65-66). With the removal of 2 status points (because he had 6 criminal history points or less), criminal history points of 6 equals a criminal history category of III. With an Offense Level of 31 and a criminal history category III, the amended guideline range would be 135 to 168 months. At sentencing, the Court imposed the lower end of the range and will do so with the amended range yielding a sentence of 135 months on Count 1. Defendant has had no incident reports while in prison and is taking programming as well as work assignments. There is no need for an appointment of counsel in this matter.